[Cite as *State v. Radloff*, 2013-Ohio-369.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98182**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRYAN RADLOFF

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-553361

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 7, 2013

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Sherrie S. Royster
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, Bryan Radloff, appeals his conviction for attempted burglary. For the reasons stated herein, we affirm.

**{¶2}** On August 29, 2011, Radloff was indicted on one count of attempted burglary in violation of R.C. 2923.02 and 2911.12(A)(2). He entered a plea of not guilty, and the case proceeded to a jury trial.

**{¶3}** At trial, testimony and evidence were presented concerning an incident that occurred on August 9, 2011. John Marshall was at his home on West 96th Street in Cleveland when he heard "a big pop, like a window breaking." When he looked outside, he saw a male and yelled at him. The male dropped a long pole on the ground and ran. Marshall was able to look at the male and observed his face and what the male was wearing. Marshall got on his bicycle and followed the male, who went around a corner and into a crowd of kids near a school. Marshall saw him "mingling in with a crowd of people." Marshall testified that the male was wearing a dark shirt and blue jeans with "some kind of embroidery things." He further testified that the designer blue jeans stood out. Marshall also indicated that at one point he observed the male reaching into a pack belonging to another boy.

**{¶4}** Marshall returned to the home with the broken window and met with the owner, Norman Toms, who had been informed of the incident. Marshall and Toms then

drove around looking for the male and spotted him. The male, who was with another individual, was then pointed out to the police.

{¶5} Toms described the subject home as a two-family home, with units up and down. He did not live in the home and was renovating the lower unit with the broken window. There were power tools inside. While the lower unit did not have a tenant, there was a tenant residing in the upstairs unit. Toms also stated this was not an abandoned house and he went to the unit on weekends and daily after work. The window that was broken had broken glass around it. There were also palm prints on a window that appeared as though someone had tried to push the window up.

{¶6} Officer Robert Petchler, who responded to the area, apprehended the suspect, as well as another individual he was walking with, on the grounds of a recreational center. Marshall positively identified one of the males in the back of the police car. He was the defendant, Bryan Radloff. Radloff was wearing a white shirt. However, Marshall was certain that Radloff was the suspect. Marshall informed the officer that he remembered designer jeans with holes in them and certain facial features. The responding officer testified he arrived on scene at 11:21 a.m. He was told the crime had occurred around 11:10 a.m.

{¶7} Detective Scott Clayton conducted a follow-up investigation. He testified that Radloff claimed he "couldn't have done it because he was in school at Life Skills when the incident occurred." Radloff did not mention being one of a set of identical triplets. Det. Clayton went to the school and viewed a security video. While there, he

was informed of Radloff's brothers and was told the two brothers attended a later session at the school. He observed on the video that Radloff left the school at approximately 10:57 a.m. and headed eastbound. Radloff's brothers, neither of whom had clothes resembling those described by Marshall,[1] then walked into the school together at 11:20 a.m. He ruled the brothers out as suspects because of the time they entered the school, as well as on account of the clothes that they were wearing. According to Det. Clayton, neither of the brothers was wearing a white shirt or designer ripped jeans.

{¶8} Det. Clayton identified photographs depicting the subject home and broken glass around the window. He indicated that both the school and the recreational center where the suspect was apprehended were within walking distance of the subject home, which is between the two locations. No match was obtained on fingerprints that were obtained from some of the broken glass.

{¶9} Officer John Tekautz testified that he reviewed the security video at Life Skills, where he works part-time in security. He indicated that Radloff left the school after the morning session and walked in a southeast direction. His two brothers entered the school after Radloff had left the school.

{¶10} The jury found Radloff guilty as charged. The trial court sentenced him to a one-year term of community control sanctions, with a nine-month jail term suspended.

---

[1] We note that there were some inconsistencies in the record as to the time of the incident. Further, the accuracy of the video time was not established.

{¶11} Radloff timely filed this appeal, raising two assignments of error. Under his first assignment of error, Radloff claims the trial court erred when it denied his motion for judgment of acquittal pursuant to Crim.R. 29. Under his second assignment of error, he claims his conviction is against the manifest weight of the evidence.

{¶12} A motion for judgment of acquittal under Crim.R. 29(A) requires a court to consider if the evidence is insufficient to sustain a conviction. Crim.R. 29(A). When reviewing a claim of insufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

{¶13} When reviewing a claim challenging the manifest weight of the evidence, the court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction

as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction.  *Id*.

{¶14} Radloff was convicted of attempted burglary.  The burglary statute, R.C. 2911.12(A)(2), provides as follows:

(A) No person, by force, stealth, or deception, shall do any of the following:

* * * (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]

{¶15} Radloff argues that there was insufficient evidence of a purpose to commit any criminal offense inside the home.  He argues that there was no evidence that the premises had been entered or of anything being taken or disturbed in the home.  He claims the evidence only reflects a person breaking a window with a stick.  We find no merit to Radloff's argument.

{¶16} There was evidence showing that the suspect broke a window to the home.  Marshall, who lives next door, heard a loud pop.   Upon being asked what he was doing, the suspect dropped a long pole and fled.   The pole could have been used to pry the window open.   There were also palm prints on a window that appeared as though someone tried to pry it open.   This evidence was sufficient to show an intent to enter the home.   Further, when no other inference is presented, evidence establishing an intent to

enter can be sufficient to create an inference of an intent to commit a theft offense therein. *See State v. Burgett*, 3d Dist. No. 9-10-37, 2010-Ohio-5945, ¶ 25. Thus, a jury could reasonably infer that the suspect intended to enter the home with the intent to commit a theft offense therein.

{¶17} Radloff also claims there was insufficient evidence supporting the element of the presence or likely presence of an occupant in the home. Toms testified that it was a two-family unit, there was a tenant living in the upstairs unit, and Toms was in the process of renovating the lower unit and was at the home on weekends and after work. While Toms was not at the home at the time of the incident, the state presented sufficient evidence to support a finding that the home was an occupied structure. Reasonable minds could also conclude that a person could be present or was likely to be present.

{¶18} After reviewing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence presented for any rational trier of fact to find all the elements of attempted burglary, beyond a reasonable doubt. Accordingly, we overrule the first assignment of error.

{¶19} We also find the conviction is supported by the manifest weight of the evidence. Radloff claims that the suspect was identified as wearing a dark shirt and jeans with embroidery, yet he was wearing a white shirt when he was arrested. Our review reflects that Marshall had a clear view of the suspect, he followed the suspect who fled on foot, he observed the suspect mingle with other kids, and he saw the suspect reach into another individual's pack. Further, Marshall observed the suspect's face, was

certain the suspect had on a pair of designer jeans, and was able to identify Radloff as the perpetrator. While Radloff is one of three identical triplets, his brothers were observed entering the school together after the suspect left the school, and the brothers did not have on any clothing resembling the suspect. Further, the incident occurred at a home between the school where Radloff was viewed leaving and the grounds of the recreation center where he was apprehended. Upon our review of the entire record, we overrule the second assignment of error.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR